ACCEPTED
03-15-00262-CV
7959373
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/23/2015 5:10:56 PM
JEFFREY D. KYLE
CLERK

# No. 3-15-00262-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/23/2015 5:10:56 PM
JEFFREY D. KYLE
Clerk

*In the Court of Appeals*
*Third District of Texas — Austin*

**TEXAS ASSOCIATION OF ACUPUNCTURE AND ORIENTAL MEDICINE,**

*Appellant,*

**v.**

**TEXAS BOARD OF CHIROPRACTICE EXAMINERS AND YVETTE YARBROUGH, EXECUTIVE DIRECTOR IN HER OFFICIAL CAPACITY,**

*Appellees.*

*On Appeal from 201st District Court, Travis County, Texas*
*Cause No. D-1-GN-14-000355*

## ACUPUNCTURE ASSOCIATION'S RESPONSE TO THE CHIROPRACTIC BOARD'S SECOND MOTION TO STRIKE

Craig T. Enoch
Melissa A. Lorber
Shelby O'Brien
**ENOCH KEVER PLLC**
600 Congress Avenue, Suite 2800
Austin, Texas 78701
(512) 615-1200 / (512) 615-1198 fax

*Attorneys for Appellant*

1

Shortly on the heels of filing a first motion to strike all citations to the internet found in the Acupuncture Association's opening brief, the Chiropractic Board has filed a Second Motion to Strike, this time asking this Court to strike portions of five briefs submitted by amicus curiae. Appellant Texas Association of Acupuncture and Oriental Medicine ("Acupuncture Association") respectfully asks the Court to deny the Chiropractic Board's Second Motion to Strike.

An amicus curiae, or "friend of the court," is "[a] person who is not a party to a lawsuit but who petitions the court or is requested by the court to file a brief in the action because that person has a strong interest in the subject matter." *In re A.J.L.*, 108 S.W.3d 414, 420 (Tex. App.—Fort Worth 2003, pet. denied) (quoting BLACK'S LAW DICTIONARY 83 (7th ed. 1999)). "An amicus curiae is not a party to the suit and may only make suggestions to the court." *Kelley v. Scott*, No. 14-01-00696-CV, 2003 WL 21229275, at *1 (Tex. App.—Houston [14th Dist.] May 29, 2003, no pet.). Thus, amicus briefs have not traditionally been limited to only arguments made by, or the record provided by, the parties.

The Chiropractic Board objects to eleven citations, most of which are to internet websites, arguing that these references "cite factual material outside the record" and thus represent an impermissible attempt to expand the record on appeal. *See* Chiropractic Board's Second Motion, at 1. The Chiropractic Board's arguments are similar to those raised in its first motion to strike, and should be

rejected for the reasons stated in the Acupuncture Association's response to that motion. In addition, this Court should deny the Chiropractic Board's Second Motion to Strike for the following reasons.

The amicus briefs at issue were submitted by two schools and three professional associations. Many of the challenged citations point the Court to the official policy statements of each of these entities.[1] It is unclear how these documents fall outside the scope of amicus briefing, given that the very purpose of amicus briefing is to allow an interested entity to identify itself, its interest in, and its position on issues before the Court. Indeed, the Supreme Court of Texas encourages amici to "describ[e] in concrete terms how a particular outcome will adversely affect amic[i] and others similarly situated."[2] The five amici here have followed this guideline by (1) pointing the Court to their respective definitions of acupuncture and chiropractic medicine,[3] and (2) using web content to illustrate how the Chiropractic Board's statutory interpretation will affect practitioners and prospective patients.[4]

---

[1] *See* Chiropractic Board's Second Motion to Strike, at 1-2 (objections 1, 2, 3a, 3b, 4a).

[2] BLAKE A. HAWTHORNE, CLERK, THE SUPREME COURT OF TEXAS, SUPREME COURT INTERNAL OPERATING PROCEDURES (2015), *available at* http://www.txcourts.gov/media/1047308/internal-operation-procedures-2015-appendix.pdf.

[3] *See* Chiropractic Board's Second Motion to Strike, at 1-2 (objections 1, 2, 3a, 3b, 4a).

[4] *See id.*, at 1-2 (objections 3d, 4a, 5a, 5b).

The Chiropractic Board objects to several references to certification standards and best practices because those standards and practices are not part of the record on appeal.[5] Yet the Chiropractic Board has not provided any authority for the proposition that an amicus brief may only incorporate facts of record. Further, the Chiropractic Board has not identified even one case in which a court of appeals struck an amicus brief for *any* reason—much less for the inclusion of undeniably relevant information. The Chiropractic Board likely lacks authority on this point because amici are not constrained to materials of record. To the contrary, amicus briefing exists "to insure that [the] court [is] furnished with as much relevant information as possible." *Little v. Little*, 576 S.W.2d 493, 494 (Tex. Civ. App.—San Antonio 1979, no writ). For that reason, amici prove helpful by providing additional context for the issues before the Court. Indeed, the Attorney General himself routinely incorporates new information when filing briefs as amicus.[6]

Moreover, the Supreme Court relies on amicus briefs irrespective of whether those briefs constrain themselves to the record. *See generally Little v. Tex. Dep't of*

---

[5] *See id.*, at 1-2 (objections 3c, 4a, 4b, 4c).

[6] *E.g.,* Brief of Amicus Curiae the State of Texas, at 8, *Matthews v. Kountze Ind. Sch. Dist.*, No. 14-0453, (Tex. Sept. 25, 2015) *available at* https://www.texasattorneygeneral.gov/files/epress/files/2015/Amicus_Brief_Matthews_v_Kountze.pdf (citing to internet archive of school board minutes).

4

*Criminal Justice*, 148 S.W.3d 374 (Tex. 2004). *Little* involved a disability accommodation dispute between an employer and an employee with a prosthetic leg. *Id.* at 275. A group of disability advocates submitted an amicus brief introducing a wealth of additional information about prosthetic devices, none of which had been introduced by the parties to the case. *Id.* at 381. Not only did the Supreme Court not find the brief objectionable, the Court quoted from the brief in its unanimous opinion. *Id.* There is simply no support for the Chiropractic Board's argument that an amicus must constrain itself to the record, and there is no cause to strike the challenged portions of the amicus briefs. *See* TEX. R. APP. P. 11.

## PRAYER

Appellant Texas Association of Acupuncture and Oriental Medicine respectfully prays that this Court deny the Chiropractic Board's Second Motion to Strike. The Acupuncture Association further requests any other relief the Court deems appropriate at law or equity.

Respectfully submitted,


By: */s/ Craig T. Enoch*

Craig T. Enoch
Texas Bar No. 00000026
cenoch@enochkever.com
Melissa A. Lorber
Texas Bar No. 24032969
mlorber@enochkever.com
Shelby O'Brien
Texas Bar No. 24037203
sobrien@enochkever.com
ENOCH KEVER PLLC
600 Congress Avenue
Suite 2800
Austin, Texas 78701
512.615.1200 Telephone
512.615.1198 Fax

***Attorneys for Texas Association of Acupuncture and Oriental Medicine***

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 23, 2015, the Acupuncture Association's

Response to the Chiropractic Board's Second Motion to Strike was served via

electronic service on the following:

Joe H. Thrash
Assistant Attorney General
Administrative Law Division
P.O. Box 12548
Austin, Texas 78711
Joe.Thrash@texasattorneygeneral.gov

Matthew M. Mix D.C.
Chiropractic Society of Texas
312 E. Church St.
Livingston, TX 77351
info@texaschiropractic.org

John Paul Liang
American College of Acupuncture and Oriental Medicine
9100 Westpark Dr.
Houston, TX 77063
jpliang@acaom.edu

William R. Morris
AOMA Graduate School of Integrative Medicine
4701 West Gate Blvd.
Austin, TX 78745
wmorris@aoma.edu

Linda Henderson
9100 Westpark Dr.
Houston, TX 77603
lhenderson@acaom.edu

Gene Kuntz II
AOMA Graduate School of Integrative Medicine
4701 West Gate Blvd.
Austin, TX 78745
gkuntz@student.aoma.edu


                    /s/ *Craig T. Enoch*
                    Craig T. Enoch